Co., 59 Hun. 619; McGovern *v.* C. V. R. R. Co., 123 N. Y. 280; Bulkley *v.* P. H. I. O. Co., 117 Id. 645; Abel *v.* D. & H. C. Co., 103 Id. 583; Heavey *v.* Hudson R. P. Co., 57 Hun, 339; Stringham *v.* Stewart, 100 N. Y. 516; Benzing *v.* Steinway, 101 Id. 547; Searles *v.* Man. R. Co., Id. 661; Corcoran *v.* D., L. & W. R. R. Co., 126 Id. 673; Slater *v.* Jewett, 85 Id. 61; Besel *v.* N. Y. C. & H. R. R. R. Co., 70 Id. 171; Sheehan *v.* Same, 91 Id. 339; Dana *v.* Same, 92 Id. 639; Berrigan *v.* N. Y., L. E. & W. R. R. Co., 59 Hun, 627; Larow *v.* Same, 61 Id. 11; Bohn *v.* Havemayer, 46 Id. 557; Gordon *v.* Reynolds Card Mfg. Co., 47 Id. 278; Vick *v.* N. Y. C. & H. R. R. R. Co., 22 W. Dig. 447.

WILLIAM WALLACE *et al.*, Respondents, *v.* FREDERICK D. BLAKE *et al.*, Appellants.

*Court of Appeals, October 27, 1891.*

*Pleadings. General denial.*—In an action for the purchase price of certain goods, the defense that such sale, after the delivery of the goods, had been changed into a consignment, or that defendants had rejected them because of their inferior quality, can not be proved under a general denial.

Appeal from judgment of the New York superior court, general term, affirming a judgment in favor of plaintiffs entered on verdict ordered by the court.

*W. C. Beecher*, for appellants.

*Carlisle Norwood, Jr.*, for respondents.

EARL, J.—The complaint alleges that in the month of March, 1886, the plaintiffs sold and delivered to the defendants several large quantities of worsted yarn at the prices stated, and judgment is demanded for the balance of the purchase price unpaid. The only answer to these allegations

are denials. The defendants also set up in their answer a counterclaim growing out of transactions with the plaintiffs prior to those mentioned in the complaint. Upon the trial no attempt was made by the defendants to prove their counterclaim, and under their answer the only defense left to them was the right to dispute the sale and delivery to them of the yarn. The sale and delivery were proved beyond question. The evidence was undisputed that they purchased the yarn, and that they received it and disposed of it. They attempted to show that after the sale and delivery of the yarn to them they complained to the plaintiffs of the quality thereof, and that then it was arranged that they should be considered as having received the yarn as consignees and that they were to sell it for and on account of the plaintiffs. This defense the trial judge excluded on the ground that it was not pleaded. It was an affirmative defense which according to elementary rules of pleading could not be shown under the denials in the answer.

The defendants claim that they had the right to prove under their denials that they had not accepted the yarn. But the uncontradicted evidence shows that the yarn was purchased by them of the plaintiffs' manufacturers in England; that it was shipped to them as purchasers from England, and was taken, received and disposed of by them, and all this shows a legal acceptance of it by them. Their claim, however, is that after the yarn was delivered to them it was arranged that they should hold and sell it as consignees, and that thus they rejected it as purchasers. But they had no right to assert this claim under their answer.

To the defendants' claim, that after they had purchased the yarn, and it had come into their possession and control as the purchasers, they rejected it because of its inferior quality, the answer again is that no such defense is alleged and that there is no allegation in the answer that this yarn was in any respect inferior or defective.

The reply to the answers contains no allegations or admissions which can cure the defective answer or enlarge its scope.

The judgment should be affirmed, with costs.

All concur.